IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDELAZIZ BILAL HAMZE, #L81379,
    Plaintiff,

vs.                                              Case No.: 3:13cv301/MCR/EMT

WARDEN TIFFT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 4).

Plaintiff names fifteen Defendants in this action, all of whom are employed at Santa Rosa Correctional Institution (doc. 1 at 1–3).[1] Plaintiff claims that Defendants used excessive force against him, exposed him to unhealthy conditions of confinement, deprived him of his property, deprived him of adequate medical care, filed false disciplinary reports against him, and retaliated against him for filing grievances, in violation of his constitutional rights (*id.* at 7–11). Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 4–7). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (doc. 1 at 5). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). Plaintiff then disclosed <u>Hamze v. Steele, et al.</u>, Case No. 0:09cv60882, filed in the United States District Court for the Southern District of Florida (*id.*). Plaintiff states he raised claims of excessive force and "endangerment," and the case was dismissed for failure to exhaust administrative remedies (*id.*). At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, April 15, 2013 (*see* doc. 1 at 11), he had previously filed <u>Hamze v. Lt. Cummings, et al.</u>, Case No. 0:12cv61356-RNS, in the United States District Court for the Southern District of Florida.[2] Plaintiff was incarcerated at the time he

---

[2] The inmate number of the plaintiff in Case No. 0:12cv61356-RNS matches Plaintiff's. That case was filed on July 10, 2012. *See* <u>Hamze v. Cummings, et al.</u>, Case No. 0:12cv61356-RNS, Complaint (S.D. Fla. July 10, 2012).

Case No.: 3:13cv301/MCR/EMT

filed Case No. 0:12cv61356-RNS.  Further, the action related to the conditions of his confinement.[3]  The court stayed the case on October 24, 2012.  *See* Hamze v. Lt. Cummings, et al., Case No. 0:12cv61356-RNS, Order Adopting and Affirming Magistrate Judge's Report and Recommendation (S.D. Fla. Oct. 24, 2012).  Plaintiff did not list Case No. 0:12cv61356-RNS in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Question C, and thus should have been included in Plaintiff's answer to that question.[4]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.  His false response suggests he was deliberately attempting to hide his litigation history.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action was required and that dismissal of the instant action may result from his untruthful answer.[5]  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

---

[3] In his complaint, Plaintiff sued officers employed at the Broward County Jail, alleging they used excessive force against him and were deliberately indifferent to his safety by failing to protect him from other inmates.  *See* Hamze v. Cummings, et al., Case No. 0:12cv61356-RNS, Complaint (S.D. Fla. July 10, 2012).

[4] The court notes that Plaintiff disclosed two other cases in response to Questions B and D of Section IV of the complaint form: (1) Hamze v. Tucker, et al., No. 3:12cv1188-HWM-JRK, filed in the Middle District of Florida on October 29, 2012, and dismissed by the court on April 8, 2013; and (2) Hamze v. Morgan, et al., Case No. 3:11cv628-TJC-JRK, filed in the Middle District of Florida on July 27, 2011, and dismissed by the court on June 18, 2012 (*see* doc. 1 at 4–6).  However, neither of those disclosures may be construed as disclosing Case No. 0:12cv61356-RNS, filed in the Southern District of Florida.

[5] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (*see* doc. 1 at 4) (emphasis and capitalization in original).

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[6]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 6th day of May 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[6] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to refile this matter if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.:  3:13cv301/MCR/EMT